UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRELL LEE WHATLEY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DEBBIE ASUNCION, Warden,<br><br>　　　　Respondent. | No. 2:17-cv-1487-MCE-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now pending before the court is respondent's motion to dismiss (ECF No. 14) which argues that the current petition is untimely. Petitioner has responded to the motion (ECF No. 18) and respondent has filed a reply (ECF No. 19). After review of the pleadings, the court finds that the petition must be dismissed as untimely.

## Procedural Background

In 2010, petitioner was convicted of first degree murder, four attempted murders, eight armed robberies, two attempted robberies, and a burglary in the San Joaquin County Superior Court. Lodg. Docs. 1 & 2.[1] He was sentenced to a life sentence without the possibility of parole

---

[1] Respondent has lodged these documents in paper alongside its motion to dismiss. The court may take judicial notice of court records and does so here. *See Porter v. Ollison*, 620 F.3d 952, 954-55 (9th Cir. 2010).

1

for the murder, four life terms for the attempted murders, and a determinate state prison term of seventeen years and four months. *Id.*

On April 30, 2015, the court of appeal affirmed the judgment. Lodg. Doc. No. 2. Petitioner filed a petition for review with the California Supreme Court, which was denied on July 15, 2015. Lodg. Docs. 3 & 4.

Petitioner filed his first state habeas petition with the San Joaquin County Superior Court on October 12, 2016. Lodg. Doc. No. 5. That petition was denied without prejudice on January 3, 2017 after the superior court determined that petitioner had failed to verify his petition. Lodg. Doc. No. 6.

On October 17, 2016, before his first petition had been adjudicated, petitioner filed a second, identical habeas petition with the San Joaquin County Superior Court. Lodg. Doc. No. 7. That petition was denied as moot on January 3, 2017 alongside the without prejudice dismissal of the first petition. Lodg. Doc. No. 8.

On October 23, 2016, petitioner filed a third petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. Lodg. Doc. No. 9. This petition was summarily denied on November 17, 2016 with citations to *In re Steele*, 32 Cal. 4th 682, 692 (2004) and *In re Hillery*, 202 Cal. App. 2d 293 (1962). Lodg. Doc. No. 10.

A fourth petition was filed on November 2, 2016, also in the California Court of Appeal, Third Appellate District. Lodg. Doc. No. 11. Like the third petition, this petition was also denied on November 17, 2016 with citations to *In re Steele*, 32 Cal. 4th 682, 692 (2004) and *In re Hillery*, 202 Cal. App. 2d 293 (1962). Lodg. Doc. No. 12.

Petitioner filed a fifth petition in the San Joaquin County Superior Court on January 25, 2017. Lodg. Doc. No. 13. On February 16, 2017, the superior court denied this petition reasoning, *inter alia*, that it was untimely. Lodg. Doc. No. 14.

Finally, on May 30, 2017, petitioner filed a sixth petition in the California Supreme Court. Lodg. Doc. No. 15. This petition was denied on August 16, 2017. Lodg. Doc. No. 16.

The instant petition was filed on June 28, 2017. ECF No. 1.

/////

Applicable Legal Standards

I. Motion to Dismiss

In the context of federal habeas claims, a motion to dismiss is construed as arising under rule 4 of the Rules Governing Section 2254 in the United States District Courts which "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (quoting *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983)). Accordingly, a respondent is permitted to file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards in reviewing the motion. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982). Rule 4 specifically provides that a district court may dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. As noted supra, the court may also take judicial notice of court records and does so here. *See Porter v. Ollison*, 620 F.3d 952, 954-55 (9th Cir. 2010).

II. Statute of Limitations

A federal habeas petition must be filed within one year of: (1) the date the state court judgment became final, either by conclusion of direct review or the expiration of time to seek such review; (2) the date on which an impediment to filing created by state action is removed (if the applicant was prevented from filing by that action); (3) the date on which a constitutional right is newly recognized by the Supreme Court and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been recognized through the exercise of due diligence. *See* 28 U.S.C. § 2244(d). In most cases the statute of limitations begins to run after the state court judgment becomes final pursuant to 28 U.S.C. § 2244(d)(1).

The limitations period is tolled while a properly filed application for post-conviction relief is pending in state court. *See* 28 U.S.C. § 2244(d)(2). An application for such relief is only "properly filed", however, if it is authorized by and in compliance with state law. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). It bears

3

noting that there is no tolling for periods of unreasonable delay between state court applications. *See Carey v. Saffold*, 536 U.S. 214, 225 (2002).

## Analysis

I. The Limitations Period

As noted above, court records indicate that petitioner's conviction was affirmed by the court of appeal on April 20, 2015. Lodg. Doc. No. 2. Petitioner filed a petition for review with the California Supreme Court, which was denied on July 15, 2015. Lodg. Doc. Nos. 3 & 4. Consequently, the state judgment became final ninety days later, on October 13, 2015, after the time to seek review from the United States Supreme Court by way of a petition for writ of certiorari ended. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("The period within which [petitioner] could have sought direct review of his conviction therefore included the ninety-day period within which [petitioner] could have filed a petition for writ of certiorari . . . the one-year limitations period in 28 U.S.C. § 2244(d)(1)(A) began to run on the date that ninety-day period expired."). The one year limitations period commenced on October 14, 2015 and the last day to file a petition was one year subsequent, on October 14, 2016, plus any relevant tolling period. The question, then, is what tolling petitioner is entitled to.

II. Tolling

As noted *supra*, petitioner filed his first habeas petition with the superior court on October 12, 2016. Lodg. Doc. No. 5. That petition was denied without prejudice on January 3, 2017. Lodg. Doc. No. 6. Thus, the first petition entitles petitioner to eighty-four days of tolling. Respondent correctly points out that this period subsumes the third and fourth petitions filed with the court of appeal, both of which were denied on November 17, 2016. Lodg. Docs. Nos. 10 & 12.[2]

Petitioner's fifth petition, filed in the superior court on January 25, 2017, was deemed untimely and denied on February 16, 2017. Lodg. Doc. Nos. 13 & 14. It is settled law that a

---

[2] As noted above, the second petition was denied by the superior court as moot on January 3, 2017 insofar as it was identical to the first petition. Lodg. Doc. No. 8. Thus, this petition also does not entitle petitioner to any additional tolling.

4

petition deemed untimely by the state court is not "properly filed" and thus does not toll the limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (untimely petitions are not properly filed); *Carey v. Saffold*, 536 U.S. 214, 226 (2002) (determination that petition was untimely renders it not "properly filed" even if the timeliness ruling is "entangled with the merits."). Thus, this petition does not entitle petitioner to any additional tolling. And petitioner waited one-hundred and three days between the denial of his fifth petition on February 16, 2017 and the filing of his sixth on May 30, 2017. The Ninth Circuit has deemed similar intervals between state habeas filings unreasonable. *See Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010); *Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011). Thus petitioner is not entitled to interval tolling between the denial of his fifth and the filing of his sixth petition.

Based on the foregoing, the court concludes that petitioner had until January 6, 2017[3] to file the instant federal habeas petition. The instant petition was not filed until June 28, 2017. ECF No. 1. And petitioner has not offered any persuasive argument that he is entitled to equitable tolling. In his opposition, petitioner argues that the attached exhibits demonstrate that he "attempted to appeal his wrongful conviction in good faith." ECF No. 18 at 4. Case law forecloses any argument that petitioner's status as a layman should excuse his petition's untimeliness, however. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling). The only other argument offered in the opposition is that petitioner's "final appeal in state court ended on May 30, 2017." ECF No. 18 at 4. This appears to be a reference to the sixth petition which, as noted above, was filed well past the end of the limitations period and too late to qualify for interval tolling.

To the extent petitioner argues that he should be allowed to proceed because he is actually innocent of the relevant conviction, he has failed to make the requisite showing. A habeas petitioner's "otherwise-barred claims [may be] considered on the merits . . . if his claim of actual innocence is sufficient to bring him within the 'narrow class of cases . . . implicating a

---

[3] The one year limitation date of October 14, 2016 plus eighty-four days of tolling.

5

fundamental miscarriage of justice.'" *Carriger v. Stewart*, 132 F.3d 463, 477 (9th Cir. 1997) (quoting *Schlup v. Delo*, 513 U.S. 298, 315 (1995)). A claim of actual innocence, however, must be supported by "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324. A petitioner claiming an actual innocence exception "must show that, in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir. 2002) (quoting *Schlup*, 513 U.S. at 327). Here, petitioner offers nothing beyond a conclusory profession of his innocence. ECF No. 18 at 4. This is not sufficient.

## Motion to Amend

The court notes that petitioner has filed a motion to amend his petition (ECF No. 21) and respondent has filed an opposition thereto (ECF No. 22). Given that his claims are untimely, the court concludes that such amendment would be futile and recommends that the motion be denied on that basis.[4]

## Conclusion

Accordingly, it is RECOMMENDED that:

1. Petitioner's motion to amend his petition (ECF No. 21) be DENIED;
2. Respondent's motion to dismiss (ECF No. 14) be GRANTED; and
3. The petition be dismissed with prejudice as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v.*

---

[4] Out of an abundance of caution the court has reviewed the proposed amended petition, and finds that nothing therein makes the requisite showing of actual innocence.

1 | *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: July 16, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE